| | |
|---|---|
| DALE REECE ) | |
| Plaintiff, ) | |
| ) | **AMENDED COMPLAINT** |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| BROCK & SCOTT, PLLC; ) | |
| JOEL J. HUMPHRIES; ) | |
| and WALLAGO INVESTMENTS, LLC, ) | |
| **Defendants.** ) | |

## INTRODUCTION

This Amended Complaint is filed pursuant to Fed. R. Civ. P. 15(a). To date, Defendants have not filed a responsive pleading under Fed. R. Civ. Pro. 7.

This is an action for damages brought by Plaintiff Dale Reece to seek redress for Defendants' violations of the Fair Debt Collections Practices Act (hereinafter "FDCPA"), 15 U.S.C. §§ 1692, *et seq*. which prohibits debt collectors from engaging in abusive, deceptive and unfair practices by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any consumer; and false, deceptive, or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give consumers certain information. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g. When it enacted the FDCPA, Congress found there to be abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Two of Congress' stated purposes in enacting the FDCPA were to eliminate abusive and deceptive debt collection practices by debt collectors and to insure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged. *U.S. v. National Financial Services, Inc.*, 98 F.3d 131, 135 (4th Cir. 1996). A debt collector's filing of a lawsuit on a time-barred debt is an unfair and unconscionable means of collecting the debt. *Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480, 1487 (M.D. Ala. 1987).

The Plaintiff, Dale Reece, by and through his undersigned attorney, sues the Defendants, Brock & Scott, PLLC (hereinafter "Defendant BS"), Joel J. Humphries (hereinafter "Defendant Humphries"), and Wallago Investments, LLC (hereinafter "Defendant Wallago") and alleges and says as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the FDCPA in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

4. This case is brought within one year of the violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d).

## PARTIES

5. Plaintiff Dale Reece, is a natural person residing in the City of Sanford, County of Lee, State of North Carolina, and is a "consumer" and/or a person affected by a violation of the FDCPA as those terms are defined by 15 U.S.C. §§ 1692a(3) and 1692k.

6. Defendant Brock & Scott, PLLC (hereinafter "Defendant BS") is, upon information and belief, a professional corporation and a debt collection law firm operating from an address of 1315 Westbrook Plaza, Winston-Salem, NC 27103.

7. Defendant BS is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

8. Defendant BS regularly attempts to collect consumer debts alleged to be due to another.

9. Defendant BS was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

10. Defendant Humphries is an attorney licensed by the State of North Carolina.

11. Defendant Humphries is, upon information and belief, an associate at Defendant BS.

12. Defendant Humphries is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

13. Defendant Humphries regularly attempts to collect consumer debts alleged to be due to another.

14. Defendant Humphries was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

15. Defendant Wallago Investments, LLC (hereinafter "Defendant Wallago") is, upon information and belief, a debt collection business operating from an address of 1315 Westbrook Plaza, Winston-Salem, NC 27103.

16. The sole managers of Wallago Investments, LLC are Thomas E. Brock and Gregory A. Scott. Defendant Wallago is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

17. Defendant Wallago is engaged in the business of purchasing or otherwise acquiring allegedly defaulted debts originally owed to others and incurred for personal, family, or household purposes.

18. Defendant Wallago pays an average of less than ten cents on the dollar for the debts it purchases or acquires.

19. Defendant Wallago then attempts to collect the purchased debts.

20. Defendant Wallago was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

21. All actions taken by Defendants BS and Humphries complained of herein were taken as authorized agents of Defendant Wallago.

## FACTUAL ALLEGATIONS

22. Plaintiff is a consumer or other person as that term is defined in 15 U.S.C. § 1692a(3).

23. Plaintiff incurred an alleged debt to Bank of America (the "Account").

24. The Account was incurred for personal, family, or household purchases.

25. The Account entered default.

26. Plaintiff has not made a payment or charge to the Account since July 2004.

27. Defendant Wallago allegedly purchased or otherwise obtained the Account after it entered default.

28. Defendant Wallago retained BS to assist them in the recovery of the defaulted Account.

29. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

*Debt Collection Lawsuit in State Court*

30. Defendant Humphries, as employee of Defendant BS and on behalf of Defendant Wallago, filed a debt collection lawsuit against Plaintiff in Lee County District court on June 25, 2009.

31. On the face of the collection lawsuit complaint, Defendant Humphries declares that the Account has been in default since "July 3, 2004". (Exhibit 1, attached, See Para. 3, 4, and 6 and in the Prayer for Relief).

32. No payments have been credited to the Account since July 3, 2004.

33. Plaintiff has suffered actual damages as a result of the illegal collection activities by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, humiliation, embarrassment, amongst other negative emotions, and incurred additional actual damages in the form of legal fees to defend the time-barred state court action.

## TRIAL BY JURY

34. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT ONE

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq*.

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10), 1692f, and 1692f(1) amongst others.

37. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) from each and every Defendant; statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from each and every Defendant; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendants herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered:

1. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant jointly and severally;

2. for an award of statutory damages of $1,000.00 from each and every Defendant jointly and severally pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. for an award of costs of litigation and reasonable attorney's fees from each and every Defendant jointly and severally pursuant to 15 U.S.C. § 1692k(a)(3);

4. for an award of the costs of suit, any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest from each and every Defendant jointly and severally; and

5. for further relief as the Court deems just and proper under the circumstances.

Respectfully submitted this 30th day of September, 2009.

MARTIN ATTORNEY AT LAW, PLLC

By: /s/ Angela O. Martin
Angela O. Martin, Esq.
NC Bar 34951
Attorney for Plaintiff
Martin Attorney at Law, PLLC
1911 Keller Andrews Road
Sanford, North Carolina 27330
(919) 708-7477, FAX: (888) 872-4232
angela@angelamartinlaw.com

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
ROCKINGHAM DIVISION
No. 1: 09-cv-632

| | |
|---|---|
| DALE REECE ) | |
| Plaintiff, ) | |
| ) | **AMENDED COMPLAINT** |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| BROCK & SCOTT, PLLC; ) | |
| JOEL J. HUMPHRIES; ) | |
| and WALLAGO INVESTMENTS, LLC, ) | |
| **Defendants.** ) | |

## *CERTIFICATE OF SERVICE*

    I certify that on September 30, 2009, I electronically filed the Foregoing Amended Complaint with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

    Richard Jackson
    Brock & Scott, PLLC
    1315 Westbrook Plaza
    Winston-Salem, NC 27103
    Richard.jackson@brockandscott.com

Respectfully submitted this 30th day of September, 2009,

                              MARTIN ATTORNEY AT LAW, PLLC
                              By: /s/Angela O. Martin
                              Angela O. Martin, Esq.
                              NC Bar 34951
                              Attorney for Plaintiff
                              Martin Attorney at Law, PLLC
                              1911 Keller Andrews Road
                              Sanford, North Carolina 27330
                              (919) 708-7477, FAX: (888) 872-4232
                              angela@angelamartinlaw.com

NORTH CAROLINA             IN THE GENERAL COURT OF JUSTICE
                             DISTRICT COURT DIVISION
LEE COUNTY         FILED               CVD      REDACTED

WALLAGO INVESTMENTS, *Plaintiff*, 2009 JUN 25 AM 9: 28     9C■ 0081■
          vs.
DALE A REECE,               C.S.C.      COMPLAINT      8/5

    *Defendant.*          BY

COMES NOW the Plaintiff and for its Complaint of the Defendant avers and says as follows:

1. The Plaintiff is authorized to prosecute this civil action within the State of North Carolina, is the assignee of the credit account forming the basis of this civil action, and is entitled to all sums due thereunder.

2. Upon information and belief, each Defendant is an adult resident of this County.

3. Defendant obtained a credit account from Plaintiff's predecessor in interest, BOA Post Agency One-Off, Inc.. Defendant owes Plaintiff, current holder of this account through assignment, the sum of ▓▓▓▓ together with interest on such sum at the rate of ▓▓▓▓ per annum from July 3, 2004. Incorporated herein by reference as though set forth verbatim are Plaintiff's Exhibits which together establish Plaintiff's claim against the Defendant.

## II. ALTERNATIVE COUNT

4. Plaintiff claims in the alternative, on or about July 3, 2004, an account was stated between Plaintiff's predecessor in interest and Defendant, and upon the calculation of such statement submitted to the Defendant, a balance amounting to the sum of ▓▓▓▓ was found due to Plaintiff's predecessor from Defendant.

5. Defendant agreed to pay the sum of ▓▓▓▓ to Plaintiff's predecessor.

6. Plaintiff is owed the amounts due on this account stated through assignments with its predecessor in interest, BOA Post Agency One-Off. No part of the ▓▓▓▓ has been paid nor has any interest on such sum been paid. There is now due, owing, and unpaid from the Defendant to Plaintiff on the account stated the sum of ▓▓▓▓, together with interest on such sum at the rate of ▓▓▓▓ per annum from July 3, 2004.

7. Pursuant to N. C. Gen. Stat. § 6-21.2, each Defendant is hereby notified that if the outstanding balance sued upon in this Complaint is paid to the undersigned attorney's office within five (5) business days of service hereof then the Plaintiff will forgo its claim for reasonable attorney's fees as allowed in the cardholder agreement. If the outstanding balance is not paid in full within that time, then Plaintiff will pursue its remedies for such attorney's fees in the amount of 15% of the outstanding balance sued upon.

WHEREFORE, Plaintiff respectfully prays the Court for relief as follows:

That Plaintiff have and recover Judgment against the Defendant for the sum of ▓▓▓▓ with interest on such sum at the rate of ▓▓▓▓ per annum from July 3, 2004 until entry of Judgment, and at the legal rate thereafter until the Judgment is satisfied in full; and that the costs of the action to be taxed to the Defendant, together with Plaintiff's reasonable attorney's fees as agreed between the Plaintiff and Defendant, in the amount of 15% of the sum of the Judgment awarded; and for such other, further, and general relief as to which the Plaintiff may be entitled in law or equity alike.

This the 22 day of June, 2009             BROCK & SCOTT, PLLC

                                                         Martin K. Harrison, N.C. Bar #34812
This communication is from a debt collector.      Richard L. Jackson, N.C. Bar #30703
This is an attempt to collect a debt, and any        Richard P. Cook, N.C. Bar #37614
information received may be used for that purpose.   Karen Keller-Cuda, N.C. Bar #37688
                                                         Joel J. Humphries, N.C. Bar #36832
                                                         1315 Westbrook Plaza Drive
                                                         Winston-Salem, NC 27103
                                                         Telephone:    (336) 354-1797
                                                         Telefax:       (336) 354-1588     PLAINTIFF'S EXHIBIT 1

STATE OF NORTH CAROLINA

COUNTY OF FORSYTH

## AFFIDAVIT OF DEFAULTED ACCOUNT

I, the undersigned, swear and depose that I am the appropriate custodian of records and having knowledge of the information set forth certifies as to the following:

1. BOA Post Agency One-Off issued credit account ▮▮▮▮▮ to Defendant.

2. Plaintiff is current holder of this account through assignment in due course from BOA Post Agency One-Off.

3. Defendant, DALE A REECE in this action has same account ▮▮▮▮▮ with the Plaintiff which is currently in default.

4. The outstanding principal balance as of the filing of this action is ▮▮▮▮▮

5. Interest is accruing at a rate of ▮▮▮▮▮ per annum from the date interest began July 3, 2004, through the filing of this action until judgment, pursuant to cardholder agreement.

6. The attached pages of documents are a true copy of the business records of the Plaintiff maintained by me and in my custody. The business records attached hereto are made at or near the time of the occurrences or transactions recorded therein, by persons having actual knowledge of the said occurrences or transactions, or in the alternative are made from information transmitted by persons having actual knowledge thereof. The business records are kept in the course of the Plaintiff's regularly conducted business activity, and it is the regular practice of the Plaintiff to keep such records.

This the 9 day of June, 20 09.

_Darren Woods_ (signature)
Darren Woods

WALLAGO INVESTMENTS
COMPANY

Account Manager and Records Custodian
TITLE

Sworn to and subscribed before me this
9 day of June, 2009.
_Melissa J. Lanier_ (signature)
Notary Public

My Commission Expires: 12-5-2012

MELISSA J LANIER
NOTARY PUBLIC
DAVIDSON COUNTY, NC
My Commission Expires 12-5-2012

Plaintiff's Exhibit
1

| | |
|---|---|
| DALE REECE )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BROCK & SCOTT, PLLC; )<br>JOEL J. HUMPHRIES; )<br>and WALLAGO INVESTMENTS, LLC, )<br>**Defendants.** ) | **AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I certify that on September 30, 2009, I electronically filed the Foregoing Amended Complaint with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

    Richard Jackson
    Brock & Scott, PLLC
    1315 Westbrook Plaza
    Winston-Salem, NC 27103
    Richard.jackson@brockandscott.com

Respectfully submitted this 30th day of September, 2009,

                              MARTIN ATTORNEY AT LAW, PLLC
                              By: /s/Angela O. Martin
                                 Angela O. Martin, Esq.
                                 NC Bar 34951
                                 Attorney for Plaintiff
                              Martin Attorney at Law, PLLC
                               1911 Keller Andrews Road
                               Sanford, North Carolina 27330
                               (919) 708-7477, FAX: (888) 872-4232
                               angela@angelamartinlaw.com